UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARNELL MOSLEY,

                            Petitioner,

          v.

DAVID M. UNGER, Superintendent,

                          Respondent.

**DECISION AND ORDER**
10-CV-478A

---

      This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1).  On June 10, 2010, petitioner filed a petition for a writ of habeas corpus (Dkt. No. 1).  On August 12, 2011, Magistrate Judge Scott filed a Report and Recommendation (Dkt. No. 16), recommending that the petition for a writ of habeas corpus be denied.

      Petitioner filed objections to the Report and Recommendation on August 24, 2011.  Respondent did not respond to petitioner's objections, deciding instead to rely on his prior papers in opposition to the petition.  Respondent's decision prompted petitioner to file a "Reply to Respondent's Acquiescence" on January 19, 2012.  (Dkt. No. 19.)  In this document, petitioner asks for default judgment under Rule 55 of the Federal Rules of Civil Procedure ("FRCP"), but default judgments are not allowed in habeas cases.  *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) ("Under the circumstances, were district courts to enter default

judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them.  In this respect, default in habeas proceedings differs from default in other civil cases . . . .").

The Court has deemed the matter submitted on papers pursuant to FRCP 78(b).

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, and for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, petitioner's petition for a writ of habeas corpus (Dkt. No. 1) is denied.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person.  *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within thirty (30) days of the entry of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 31, 2012

3